The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 FINDINGS OF FACT
1. On 23 February 1994, defendant transferred plaintiff to Sampson Correctional Institution. At that time, plaintiff owned a photo album which contained approximately three hundred photographs. Upon arriving at Sampson Correctional Institution, plaintiff was informed that his property, including his photo album would be placed into storage. Plaintiff was further advised that according to defendant's policies his photo album constituted contraband and that therefore it would have to be sent home "as soon as possible" at plaintiff's expense, unless he qualified as an indigent.
2. Plaintiff knew from previous experiences that when his personal property was placed into storage, it could not remain in storage and that he would have to take some action to otherwise secure his property.
3. By letter delivered to plaintiff on or about 9 May 1994, plaintiff was informed that he would be allowed thirty days to take some action regarding the disposition of his property. Plaintiff took no action with regard to his property. On 26 July 1994, when plaintiff had taken no action with regard to his property and had not responded to the previous written notice, defendant destroyed plaintiff's photo album.
4. When plaintiff was transferred to Tennessee on 24 January 1995, he inquired of defendant regarding the whereabouts of his photo album. Thereafter, plaintiff learned that his photo album had been destroyed due to his failure to take any action to properly dispose of his property.
5. On multiple occasions during the period that plaintiff's photo album was being held in storage, his inmate trust account contained funds sufficient to allow him to mail his photo album home. During the periods that plaintiff would have qualified as an indigent entitling him to have his photo album mailed home at no expense, plaintiff took no action to qualify as an indigent.
6. Plaintiff's loss of his photo album was due to his failure to act in accordance with defendant's policies after receiving two written notices from defendant.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained no damages as a result of negligence on the part of any employee of defendant.
2. Plaintiff's loss of his photo album was caused by his failure to take reasonable action to properly secure his personal property.
 ************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DISMISSED.
2. Each party shall bear its own costs.
This ___ day of May 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING IN SEPARATE OPINION:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp